### THE STATE *v.* BUSH and Others.

MALICIOUS TRESPASS.—WABASH AND ERIE CANAL.—In a prosecution for a malicious trespass, in cutting the banks of a reservoir of the *Wabash and Erie Canal,* it was held that evidence tending to show that the canal had wholly ceased to be used as such, in that part of the line, and was in many places filled up and used as a roadway, and that the reservoir caused sickness in the neighborhood where the defendants resided, was properly admitted, as tending to rebut the malicious intent.

APPEAL from the *Clay* Circuit Court.

GREGORY, J.—The appellees were indicted in the court below for malicious trespass, in cutting the embankment of *Splunge Creek Reservoir,* in *Clay* county, a part of the *Wabash and Erie Canal.* The defendants were acquitted, under a plea of not guilty. The case is brought here by the State, on questions of law reserved at the trial.

A witness was permitted, on the trial, over the objection of the prosecuting attorney, to testify that the defendants lived near the reservoir and within the distance where sickness was created by it; that the *Wabash and Erie Canal,* from *Terre Haute* to the south part of *Clay* county, had

various broken places in the embankments thereof, which breaches have existed for six years; that earth embankments are placed in the canal at many places, where roadways cross the bed thereof, and are used instead of bridges; that the bridges which were there have been suffered to go into decay, and many of them have fallen down; that the locks are out of repair, and that navigation and transportation has ceased on that part of the canal for seven or eight years; that the *Splunge Creek Reservoir* is built in connection with the canal, and lies west thereof, covering some four thousand acres, when full; that after the timber died in the reservoir, it was reasonably healthful in the neighborhood thereof, while the canal was navigable; that the reservoir was fed partly by *Splunge* creek and its tributaries, and partly by the feeder arm of the canal from the dam at *Eel* river; that near and immediately south of where the feeder joined the main line of the canal were locks, so that south of the locks the bed of the canal was much lower than the bed thereof north; that the water from the feeder of *Eel* river fed the level north from the junction towards *Terre Haute*, and southward also; that when more water than was needed for navigation passed through the feeder and across to a certain hight, it passed into the reservoir from the upper level by a wier, and thence into the lower level of the canal, when needed; that the *Eel* river dam was broken some six or seven years since, and thereby that feeder was stopped, and the reservoir was fed only from *Splunge* creek; that this creek is what is called a wet weather stream; that there were some two thousand acres in the basin of the reservoir, at times bare, at other times covered with water, and much of the bottom land was covered to only a shallow depth; that the land thus at times left bare produced vegetation, and when the water comes upon it, the vegetation is killed, and upon the receding of the water, a scum is formed thereon, and a bad smell arises from it; that the health around and in the neighborhood of the reservoir was much better for the six years preceding the

stoppage of navigation than it has been for the last six years; that there have been many cases of chills and fever, agues, and other bilious diseases, for six years past in that neighborhood.

By instructions given and by instructions refused, the question is presented by the record, whether this evidence was proper for the purpose of rebutting the malicious or mischievous intent. We recognize fully the rights of the trustees of the *Wabash and Erie Canal,* as held by this court in *Butler et al.* v. *The State,* 6 Ind. 165. The evidence only went to the question of the intent with which the act complained of was done. The trustees have the right to the easement for the purposes of navigation and to furnish hydraulic power. *Edgerton et al.* v. *Huff,* 26 Ind. 35. And although the non-user may not divest them of this right, it is difficult to see what damage the act complained of could be to them under the evidence. Indeed, the witness who speaks to the damage, in making his estimate, includes the right to fish. If the reservoir had ceased to be of any value as a feeder to the canal for purposes of navigation and hydraulic power, the owners could not complain of an injury to a right not vested in them. We think the evidence was properly admitted, and that the court committed no error in giving or refusing instructions.

The judgment is affirmed, with costs.

*J. M. Hanna,* and *D. E. Williamson,* Attorney General, for the State.

*J. P. Baird, C. Cruft, W. Mack* and *J. M. Allen,* for appellees.